**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

PAGE PENK,

       Plaintiff,

v.                                                                              No. 1:26-cv-01899-SCY

FNU LNU,

       Defendant.

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
ORDER TO SHOW CAUSE**

This matter comes before the Court on *pro se* Plaintiff's Emergency Complaint, Doc. 1,

filed June 10, 2026 ("Complaint").

**Order Granting Motion to Proceed *In Forma Pauperis***

Plaintiff includes the following in his Complaint:

Emergency Motion to Proceed without payment of fees.

Please have all fees in this case, including service of summons by U.S. Marshalls.

Affidavat of Poverty

Your Honor, I have, let's see hear, about $76 to my name, no home. I swear on my
wife's ashes, This case is all true

[sic] Complaint at 1.

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the

Court may authorize the commencement of any suit without prepayment of fees by a person who

submits an affidavit that includes a statement of all assets the person possesses and that the

person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma
> pauperis, it should examine the papers and determine if the requirements of
> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted.

> Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Motion to proceed without payment of fees. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating "I have . . . about $76 to my name, no home."

### Order to Show Cause

The Complaint alleges Plaintiff "was arrested and jailed in Las Animas County, CO" "with a wheelchair, broken right ankle [illegible] fracture" "for taking aluminum cans out of City of Trinidad trash cans, not realizing the government owns those cans." Complaint at 2 (also stating "no wheelchair"). The Complaint does not identify any Defendants.

The Court has identified several deficiencies in the Complaint, described below, and orders Plaintiff to show cause why the Court should not dismiss this case. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

2

First, the title of the Complaint does not contain the names of Plaintiff and Defendants as required by Rule 10(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). The Civil Cover Sheet attached to the Complaint states Defendants are "The Honorable Las Animas County, CO Sheriff" but the Civil Cover Sheet does not supplement the Complaint. Complaint at 7.

Second, the Complaint fails to state a plausible claim pursuant to 42 U.S.C. § 1983. *See* Complaint at 2 (citing 42 U.S.C. § 1983). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). There are no allegations explaining what each Defendant, if there are more than one Defendant, did to Plaintiff and what specific legal right Plaintiff believes each Defendant violated.

Third, the Complaint does not contain factual allegations showing that the Court has personal jurisdiction over Defendants who do not appear to be residents of New Mexico. *See Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (plaintiff bears burden of establishing personal jurisdiction).

Fourth, the Complaint does not contain factual allegations showing that venue is proper in this District. "A civil action may be brought in [] a judicial district in which any defendant resides . . . or [] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b). There are no allegations showing that Defendants reside in or the events and omissions giving rise to this case occurred in the District of New Mexico.

The Court notifies Plaintiff that if the Court dismisses Plaintiff's federal law claims, the Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

The Court orders Plaintiff to show cause why the Court should not dismiss this case for the reasons stated above. If Plaintiff agrees with the Court's analysis regarding these deficiencies in his Complaint, rather than show cause, Plaintiff may amend the Complaint. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoted above). The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

## Service on Defendants

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to show cause why the Court should not dismiss this case. The Court will address service after this Order to Show Cause is resolved.

## Case Management

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the

4

*Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

### Compliance with Rule 11

The Court reminds Plaintiff of their obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)    Plaintiff's Emergency Motion to Proceed without payment of fees is **GRANTED.**

(ii)   Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case or (b) file an amended complaint. Failure to timely show cause or file an amended complaint may result in dismissal of this case.

_____
UNITED STATES MAGISTRATE JUDGE